## ROSCOE SMITH v. STATE.

No. A-6648.   Opinion Filed March 30, 1929.
(275 Pac. 1071.)

Ash & Jones, for plaintiff in error.

James W. Smith, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county on a charge of having possession of intoxicating liquor, and was adjudged to pay a fine of $450 and be imprisoned in the county jail for 5 months. The record discloses that this case was called for trial on the 11th day of February, 1927. The county attorney of Washita county had been attending a meeting of the highway commission at Oklahoma City on order of the board of county commissioners and on his return this day he phoned the court clerk and announced his arrival prepared to take up the court docket. The fact that he had returned was communicated to the county judge by the court clerk, but, notwithstanding the return of the county attorney and the announcement of the fact to the county judge, the county judge arbitrarily declared the necessity for the appointment of a special prosecutor for this case, and did immediately appoint James W. Smith an attorney at law for that purpose, and this over the objection of the defendant. The defendant by his attorney then presented a motion for a continuance, and the same was overruled. The defendant being absent on account of serious illness of his wife, as set forth by his affidavit in his motion for continuance, the court forfeited his appearance bond, ordered a bench warrant issued for his arrest, and adjourned court until 1:30 o'clock February 11, 1927.

When court convened at 1:30 o'clock on said day, the defendant was brought before the court. He then presented a further motion for a continuance, which was overruled. The defendant then asked for

24 hours in which to enter his plea; and, it then being 2:45 o'clock p. m. February 11, 1927, the court made an order granting defendant until 2:45 o'clock the following afternoon (February 12th) in which to enter his plea, and excused all jurors and witnesses until that time. But on the same afternoon (February 11th), the county judge reconvened the court, had defendant brought into court, set aside the order granting 24 hours in which to plead, and on motion of said James W. Smith, special attorney appointed by the court to prosecute in this case, forthwith arraigned the defendant, entered a plea of "not guilty" for him, and adjourned court until 9 o'clock a. m. February 12, 1927.

On February 12, 1927, 9 a. m., court again convened. This case was called for trial, and the county attorney, J. G. S'pringer, appeared in open court and offered to proceed with the trial and requested permission of the court to so proceed. The court thereupon rejected the services of the county attorney, J. G. Springer, and directed James W. Smith, special prosecutor, to proceed with the trial of the case, and this over the objection of the defendant.

The special prosecutor, James W. Smith, then announced ready for trial; and, over the objection of the defendant, a jury was impaneled, a trial was had forthwith, which resulted in a conviction of the defendant, and his punishment was fixed at a fine of $450 and imprisonment in the county jail for a period of 5 months.

The third ground of error alleged in defendant's motion for a new trial filed in said cause is as follows:

"The court erred in appointing James W. Smith, as special prosecutor in this case over the objections

and exceptions of the defendant, and in refusing to permit J. G. Springer, the County Attorney, to conduct the trial of said case."

Defendant for his fourth ground of error alleges: "The court erred in forcing the defendant to trial in said cause over his objections and exceptions, and not giving him a statutory time in which to plead, and in forcing defendant to trial without being legally arraigned."

This motion for a new trial was overruled, and the defendant saved his exceptions and alleges in his petition in error filed in this court that the trial court erred in overruling the said motion for a new trial for the reasons set out in the third and fourth grounds and for other reasons set out in said motion.

In determining this case, it will only be necessary for this court to examine the questions in defendant's third and fourth grounds in his motion for new trial, and they will be considered together.

Section 2725, C. O. S. 1921, provides:

"If the county attorney fails, or is unable to attend at the trial, or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

The failure or inability of the county attorney to attend the trial as contemplated by section 2725 is not such an inability as is disclosed by this record. This record discloses that the county attorney had returned to the seat of the court prior to the beginning of this trial, had notified the county judge who tried this case that he was in the city and ready to proceed with the official business of the court and appeared at the courthouse at the time the case was called for trial and in open court demanded the right to proceed with the prosecution of this case. The

trial court refused to permit the county attorney to prosecute, and, over the objections of the defendant, proceeded with the trial of the case.

Under the provisions of section 2725, C. O. S. 1921, the court may appoint some person to perform the duties of the county attorney (1) when he fails to attend upon the court; (2) or his inability to attend the trial; (3) or his disqualification and in no other cases. Section 5741, C. O. S. 1921, provides:

"It shall be the duty of the county attorney to appear in the district, superior and county courts of his county and prosecute and defend, on behalf of the State or county, all actions or proceedings, civil or criminal, in which the State or County is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the State is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed."

In the case of Mahaffey v. Territory, 11 Okla. 213, 66 P. 342, the court says:

"The county attorney derives his authority from the people, as expressed in the statute, and his right and authority cannot be restricted or superseded by the district court, unless some of the conditions or disqualifications named in St. 1893, c. 22, art. 5, § 9, exist. The term 'unable to attend to his duties' is construed to mean some physical or mental incapacity to perform the duties of county attorney."

It appearing from the record that no legal disqualification existed as to the county attorney, and he being present in court demanding the right to perform the duties of his office, it was reversible error for the

trial court to supersede the county attorney and force the defendant to go to trial over his objections.

The appointment of James W. Smith as special prosecutor being without authority of law, all his acts are void.

There are other errors assigned and argued by the defendant, but, from the view we take of this record, it is not necessary to consider them.

The cause is therefore remanded, with instructions to the trial court to proceed with the trial of the case in a regular and orderly manner.

EDWARDS, P. J., and DAVENPORT, J., concur.